D. B. Malernee, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 63553.   Promulgated November 21, 1934.

*Phil D. Morelock, Esq.*, for the petitioner.
*Willis R. Lansford, Esq.*, for the respondent.

OPINION.

TRAMMELL: The principal issue in this proceeding is whether or not petitioner made a bona fide gift to his wife in 1919 of 125 shares of stock in the Southard Oil & Gas Co. Prior to the alleged gift

petitioner held 226½ shares, and thereafter retained 101½ shares. All the stock was sold in 1920. Respondent determined that a profit of $121,465.77 was realized from the sale of said stock, and included the entire amount in petitioner's income in computing the deficiency in controversy. The issue presents a question of law, the parties being in substantial agreement as to the facts.

The essential elements of a valid gift are stated by the court in *Edson* v. *Lucas*, 40 Fed. (2d) 398, 404, as follows:

There must be a donor competent to make the gift, a clear and unmistakable intention on his part to make it, a donee capable of taking the gift, a conveyance, assignment, or transfer sufficient to vest the legal title in the donee, without power of revocation at the will of the donor, and a relinquishment of dominion and control of the subject matter of the gift by delivery to the donee [citing authorities].

There is no suggestion in the present record that petitioner was not competent to make, and his wife to take, the alleged gift, nor can there be any serious question as to the sufficiency of the transfer " to vest the legal title in the donee, without power of revocation at the will of the donor." The stock was transferred on the books of the corporation from petitioner to his wife. This constituted a sufficient delivery, and vested legal title in the donee. In *Marshall* v. *Commissioner*, 57 Fed. (2d) 633; certiorari denied, 287 U. S. 621, in dealing with similar facts the court said:

Transfer upon the books of the corporation in itself constitutes a delivery. *Roberts' Appeal*, 85 Pa. 84. The transferee then becomes the legal owner. * * * The stock was not endorsed and re-delivered to her husband, and could not thereafter be transferred, or the dominion and ownership of the petitioner thereafter be regained, except through the independent and voluntary act of his wife.

Respondent does not question the formalities of the gift, but attacks the bona fides of the transaction. He contends substantially that petitioner never intended to give the stock to his wife but only the proceeds of the sale, and hence the profit derived is taxable to petitioner.

This contention, we think, is not supported by the evidence. At the time of the alleged gift in January 1919 the negotiations had with Pitts for the sale of the stock approximately a year previously had fallen through, and there was then no definite prospect of sale. It was some six months later that the option to purchase was given to Littleton and his partner, Weeks, but this sale also failed, the option being forfeited. In these circumstances, when no contract of sale had been entered into, and at a time when there was no immediate prospect of sale, it is difficult to understand how petitioner could have entertained an intention to give his wife a part

of the proceeds of a sale which was not consummated until more than a year later.

However, disregarding petitioner's testimony as to his intention, the best evidence of what he intended to do is what he actually did. The undisputed fact is that he caused the stock to be transferred to his wife on the books of the corporation, without power of revocation. The stock certificates were not endorsed by his wife and redelivered to the petitioner, and it seems clear that the stock could not thereafter be transferred or the dominion and ownership of the petitioner be regained, except through the independent and voluntary act of his wife.

But the respondent argues that the facts justify the conclusion that the petitioner never actually intended to relinquish dominion and control over the stock, " and that the entire deal was engineered for the primary purpose of reducing tax liability." Respondent points to the fact that petitioner's wife took no part in the transaction; that there is no evidence that she used any of the money placed in the bank to her credit, or received any benefit from the alleged gift, and that ultimately his wife contributed to the petitioner most of the money received for the stock.

We are not impressed by this argument. The fact that the donee subsequently loaned a portion of the money to her husband, after he had got into financial difficulties as a result of losing his own money in drilling dry holes, is not sufficient, in our opinion, to invalidate the gift of the stock made more than a year previously. Nor is the fact important that the petitioner was moved to make the gift partly because it would reduce his tax liability. The motive which actuated petitioner is immaterial, if he intended to and did in good faith make a valid gift. *Harry G. Moores*, 3 B. T. A. 301; *Bingham* v. *White*, 31 Fed. (2d) 574; *Wehe* v. *McLaughlin*, 30 Fed. (2d) 217. In the absence of fraud, a gift is not invalid because it results in the reduction of tax liability. *United States* v. *Isham*, 17 Wall. 496; *Fraser* v. *Nauts*, 8 Fed. (2d) 106; *Bing* v. *Bowers*, 22 Fed. (2d) 450; *Ford* v. *Nauts*, 25 Fed. (2d) 1015; *J. M. Walsh*, 18 B. T. A. 571. Again quoting from *Marshall* v. *Commissioner, supra:*

There was nothing unlawful, or even mildly unethical, in the motive of petitioner, to avoid some portion of the burden of taxation. There is nothing illegal in a gift of shares of stock by a husband to his wife.

In order to sustain respondent's position it would be necessary for us to find from the evidence that the transfer of the stock was a mere subterfuge whereby petitioner sought to evade tax. This, we think, the proof is wholly insufficient to establish. Respondent's action on this issue is disapproved.

The elimination from petitioner's income of that portion of the profit ascribable to the 125 shares of stock which he gave to his wife in 1919 leaves petitioner without net taxable income for 1920, as computed by respondent in the deficiency letter. There is therefore no basis for the computation of a delinquency penalty.

*Judgment will be entered for the petitioner.*